■ JADE BENTZINGER et al., Appellants, v HOST MARRIOT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. SOLO CUP COMPANY, Third-Party Defendant-Respondent. [774 NYS2d 828]—

In an action to recover damages for personal injuries, etc., the plaintiff Jade Bentzinger and the plaintiff third-party defendant, Jeanette Lellis, appeal from an order of the Supreme Court, Queens County (Price, J.), dated December 18, 2002, which granted the motion of the third-party defendant Solo Cup Company for summary judgment dismissing the third-party complaint insofar as asserted against it and granted the cross motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted the motion of the third-party defendant Solo Cup Company for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff and plaintiff third-party defendant are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Jade Bentzinger (hereinafter the infant plaintiff) sustained injuries when a covered coffee cup, manufactured and designed by the third-party defendant Solo Cup Company, tilted over causing coffee to spill through the built-in open sipping slot of the coffee cup lid and onto her. The coffee was manufactured by the defendant third-party plaintiff Starbucks Coffee Company and was sold by the defendants third-party plaintiffs Host Marriot Corporation and Host International (hereinafter

collectively Starbucks defendants). The Supreme Court properly granted the cross motion of the Starbucks defendants for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the Starbucks defendants established a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they were not negligent in serving their coffee in the subject coffee cup and lid (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In response, the plaintiff failed to raise a triable issue of fact as to the Starbucks defendants' negligence (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In light of the foregoing, we need not reach the parties' remaining contentions. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.